# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT M. COOK,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0050** (BOR Appeal No. 2046304)
(Claim No. 2006021670)

**CITY OF CLARKSBURG,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert M. Cook, by Carl E. Hollister, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The City of Clarksburg, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 19, 2011, in which the Board affirmed an August 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 1, 2011, Order denying the request to reopen the claim on a temporary total disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21 (d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Cook was employed as a police officer for the City of Clarksburg. On December 13, 2005, he sustained an injury to his back when he fell during the pursuit of a suspect. Mr. Cook's claim was held compensable for lumbar sprain. In 2010, Mr. Cook underwent an L5-S1 interbody fusion and filed a petition to reopen his claim on a temporary total disability basis. The claims administrator denied his petition stating that the evidence submitted did not establish Mr.

1

Cook's need for surgery was caused by his compensable injury. Mr. Cook argues that the merits of the case clearly indicate that it is more likely than not that his surgery was work-related and that any other conclusion is clearly in error. The City of Clarksburg maintains that Mr. Cook had advanced spondylolisthesis that required surgical intervention and that spondylolisthesis has never been made a compensable component of this claim.

The Office of Judges found that Mr. Cook failed to demonstrate that his claim should be reopened on a temporary total disability basis as a result of the interbody fusion. The Office of Judges determined that Mr. Cook's surgery was performed due to conditions that were not compensable in his claim and held that the claims administrator was correct to deny the petition to reopen the claim on a temporary total disability basis. The Board of Review reached the same conclusions in its decision of December 19, 2011. We disagree.

Under *Harper v. State Workmen's Compensation Commissioner*, 160 W. Va. 364, 234 S.E.2d 779 (1977), to reopen a claim, a claimant must show any evidence which would tend to justify, but not compel the inference that there has been a progression or aggravation of their former injury. We believe that the evidentiary record supports reopening of the claim. On July 26, 2007, P. Kent Thrush, M.D., diagnosed Mr. Cook with lumbar sprain. On July 17, 2008, Michael Hess, M.D., diagnosed Mr. Cook with radiculopathy, recurrent lumbosacral pain and a history of spondylolisthesis. Dr. Hess attributed Mr. Cook's neurologic deficits as being directly related to his fall at work. On December 2, 2010, Donald Whiting, M.D., opined that Mr. Cook underwent an L5-S1 interbody fusion due to his 2005 work-related injury. Clearly, Mr. Cook has established a prima facie cause for reopening as required by *Harper*.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded for the reopening of the claim on a temporary total disability basis.

Reversed and Remanded.

**ISSUED: October 3, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Allen H. Loughry II